UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RONALD J. JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-868 (RBW) |
| GMAC, INSURANCE *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

In this tort action removed by the federal defendant from the Superior Court of the District of Columbia, the plaintiff sues the Veterans Administration Medical Center ("VAMC"), GMAC Insurance ("GMAC") and a law firm, Avery & Associates ("Avery"), for their alleged actions stemming from the plaintiff's traffic accident.[1]  He seeks $120,000 in monetary relief.

The VAMC moves to dismiss pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure or for summary judgment pursuant to Rule 56 [Dkt. No. 11], and GMAC and Avery move separately to quash service of process and to dismiss pursuant to Rules 12 and 17 [Dkt. Nos. 3 & 6, respectively].  In addition, the plaintiff moves for remand of the case to Superior Court [Dkt. No. 7].  Upon consideration of the parties' submissions and the entire record, the Court will grant the VAMC's Rule 12(b)(1) motion to dismiss.  As to the surviving claims against Avery and GMAC, the Court will grant the plaintiff's motion to remand, which neither Avery nor GMAC has opposed, and will leave for the Superior Court's resolution these defendants' motions to quash the summonses issued by that court and to dismiss the complaint.

---

[1]  Because the VAMC is a federal entity, *see* Notice of Removal [Dkt. No. 1] at 2, the plaintiff's claim against it is in effect against the United States.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Mason v. Judges of U.S. Court of Appeals for D.C. Cir. in Regular Active Serv. Acting in Their Official Capacities*, 952 F.2d 423, 425 (D.C. Cir. 1991).

## I. BACKGROUND

The plaintiff alleges that on May 29, 2006, in the northwest quadrant of the District of Columbia, a woman driving a vehicle hit the rear of the motor scooter he was driving, causing him to suffer "broken bones in his back and other injuries on the right and left sides of his body[.]" Complaint ("Compl.") at 3. The plaintiff "was admitted and treated at the Veterans Hospital" on the afternoon of the accident and was released three days later. *Id*. at 4. Subsequently, he underwent approximately four months of physical therapy. *Id*. The plaintiff lodged his complaint with the Superior Court on March 23, 2009, but the federal defendant removed the case to this Court on May 11, 2009 [Dkt. No. 1].

The plaintiff alleges that VA staff "under-treated" him, referred him to an "unscrupulous law firm during the time of trauma," and "ignored [his] complaints about pain in his left shoulder[.]" Compl. at 2-3. He alleges that GMAC, "while accepting responsibility" as the driver's insurer and offering him $25,000, "refused to consider [his] actual damages for compensation," *id*. at 1, and that Avery provided him inadequate legal representation, *id*. at 3.

## II. DISCUSSION

1. <u>The Federal Defendants' Motion to Dismiss</u>

The plaintiff sues the VAMC for medical malpractice and presumably for negligence stemming from the alleged law firm referral. The United States argues that the complaint should be dismissed because (1) the plaintiff has not exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80 (2000), which is the only possible basis for the plaintiff's claims against the VAMC; (2) the FTCA claim is barred by the applicable two-year statute of limitations set forth at 28 U.S.C. § 2401(b); and (3) the complaint is "moot" in light of this Court's prior dismissal of the plaintiff's "virtually identical claim" for lack of subject matter jurisdiction. Memorandum of Points and Authorities in Support of Federal

2

Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment and in Opposition to Plaintiff's Motion for Remand at 5-9.  As to the United States's third argument, the Court does not find the complaint to be moot but rather finds that the plaintiff is collaterally estopped from relitigating the medical malpractice claim against the VAMC because it was previously determined from the same set of facts that "a federal district court does not have subject matter jurisdiction over claims that would require the court to determine first whether the VA provided appropriate medical care to the plaintiff," *Jackson v. GMAC Insurance*, Civ. Action No. 09-439 (Memorandum Opinion of March 6, 2009) (accompanying Order dismissing claim with prejudice) (citing *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005)).[2]  Because the plaintiff has no way of curing the foregoing jurisdictional defect, the prior disposition "preclude[s] relitigation of the precise issue of jurisdiction that led to the initial dismissal" of the medical malpractice claim.  *GAF Corp. v. U.S.*, 818 F.2d 901, 912 (D.C. Cir. 1987); *cf. Zellars v. U.S.*, 578 F. Supp. 2d 1, 3 (D.D.C. 2008) ("[T]his Court's earlier dismissal of the claim for lack of subject matter jurisdiction is a final judgment on the merits for *res judicata* purposes.") (footnote omitted).

The statute foreclosing this Court's review of veterans' benefits claims, *see* 38 U.S.C. 511, "does not give the VA *exclusive* jurisdiction to construe laws affecting the provision of veterans benefits or to consider all issues that might somehow touch upon whether someone receives veterans benefits." *Broudy v. Mather*, 460 F.3d 106, 112 (D.C. Cir. 2006) (emphasis in original).  "Rather, it simply gives the VA authority to consider such questions when making a decision about benefits." *Id*.  The plaintiff's claim predicated on the VAMC staff's alleged

---

[2] *See Price v. U.S.*, 228 F.3d 420, 421 (D.C. Cir. 2000) ("The exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals [renamed Court of Appeals for Veterans Claims] and from there to the United States Court of Appeals for the Federal Circuit.") (citing 38 U.S.C. §§ 511, 7252, 7292) (other citations omitted).

referral of an "unscrupulous law firm during the time of trauma," Compl. at 2, does not require judicial review of a determination about veterans benefits and therefore is not foreclosed from consideration under the FTCA. Before initiating a lawsuit under the FTCA, however, a claimant must exhaust his administrative remedies by "first present[ing] the claim to the appropriate Federal agency[.]" 28 U.S.C. § 2675(a). The failure to exhaust deprives the Court of subject matter jurisdiction. *See GAF Corp.*, 818 F.2d at 917-20; *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Cronauer v. U.S.*, 394 F. Supp. 2d 93, 95-6 (D.D.C. 2005). The plaintiff has not refuted the fact that the Department of Veterans Affairs has "no record of any FTCA claim filed by [him]." Def.'s Ex. D (Declaration of Frank Giorno) ¶ 3 [Dkt. No. 11-5].[3] Accordingly, the Court grants the federal defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Abdurrahman v. Engstrom*, 168 Fed. Appx. 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").

    2. The Plaintiff's Motion for Remand

A federal district court is authorized to remand a removed case to the state or local court from which it originated "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Having dismissed the complaint against the removing party and finding no compelling reason for this Court to exercise jurisdiction over the remaining local law claims, the Court grants the plaintiff's motion to remand the remainder of case to the Superior Court. *See District of Columbia v. Merit Sys. Protect. Bd.*, 762 F.2d 129, 132-33 (D.C. Cir. 1985) ("If the federal party is eliminated from the suit after removal under

---

[3] In ruling on a Rule 12(b)(1) motion to dismiss, "the [C]ourt may consider the complaint supplemented by undisputed facts evidenced in the record [.]" *Herbert v. National Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing cases).

[§ 1447(a)], the district court . . . retains the power either to adjudicate the underlying state law claims or to remand the case to state court.") (citations omitted); *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 528 F.3d 934, 950 (D.C. Cir. 2008) ("There is a substantial presumption in favor of a plaintiff's choice of forum.") (citations omitted).[4]

DATE: October 22, 2009

_____s/_____
Reggie B. Walton
United States District Judge

---

[4] A separate Order accompanies this Memorandum Opinion.